D | W Dwoskin | Wasdin LLP

Eric S. Dwoskin
433 Plaza Real, Ste. 275
Boca Raton, FL 33432
561-849-8060
edwoskin@dwowas.com

April 30, 2026

Hon. Sanket J. Bulsara
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 930
Central Islip, NY 11722

**Re: Case No. 2:26-cv-01549 – *Schaefer v. Delta Dental of NY and CA***

Dear Judge Bulsara:

Per the Court's Individual Practice Rule VI.G, I write on behalf of Plaintiff in response to Delta Dental of New York, Inc.'s ("DDNY") and Delta Dental of California's ("DDC," and, together with DDNY, "Delta Dental") pre-motion letter regarding their anticipated motion to dismiss.

## I. Relevant Background

Delta Dental provides health insurance to New York residents, including Plaintiff. Delta Dental operates an online portal on which DDNY plan members can login and access and manage their plan benefits, including by finding in-network medical providers that meet the plan-members' specific needs. The complaint alleges that, unbeknownst to plan members, Delta Dental installed tracking technologies on the online portal that disclosed plan-member communications with Delta Dental, which included HIPAA-protected health information, to third-party marketing companies. The complaint asserts common law and statutory claims on behalf of Plaintiff and a putative class of similarly situated Delta Dental plan members in New York.

This class action was initially filed in the Southern District of New York with a different class representative. *See Cavallaro-Kearins v. Delta Dental of New York, Inc.*, No. 7:24-cv-06946-CS (S.D.N.Y. 2024). During discovery, DDNY provided information indicating that aspects of the initial class representative's claims were atypical of the New York class she sought to represent. Accordingly, the *Cavallaro-Kearins* case was voluntarily dismissed without prejudice, and the instant case was filed with a new class representative. The new class representative resides in this District and thus, pursuant to 18 U.S.C § 1391(b)(2), the case was refiled here rather than amending the *Cavallaro-Kearins* complaint in White Plains.

Although not mentioned in Delta Dental's pre-motion letter, the parties fully briefed Rule 12 in *Cavallaro-Kearins*. There, on materially identical allegations, DDNY argued that the plaintiff lacked Article III standing and failed to state a claim. With the exception of the merits of the NY GBL § 350 claim (which was not at issue in the prior briefing), Judge Seibel rejected all of the arguments that Delta Dental is now re-hashing in this case. *See* Ex. 1, Transcript of October 14, 2025, Hearing in *Cavallaro-Kearins*. To the extent Delta Dental moves forward with making the same arguments again, this Court should reject them for the same reasons as Judge Seibel.

## II. Plaintiff Has Article III Standing

Plaintiff has alleged an injury in fact for two separate and independent reasons. First, an intangible privacy injury occurred when Delta Dental disclosed her PHI to third-party advertising companies. Second, and independently, an tangible economic injury occurred when Delta Dental took valuable data from Plaintiff without consent or compensation, thereby denying Plaintiff the benefit of her bargain with Delta Dental (which involved health insurance at a fixed price *without* the additional consideration of providing her PHI to third parties to enhance Delta Dental's marketing).

Judge Seibel concluded that the intangible privacy injury alone was sufficient for Article III standing under the Second Circuit's decision in *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533 (2d Cir. 2024). Ex. 1 at 10:11-19:23. Notably, DDNY failed to raise *Salazar* in its opening brief before Judge Seibel, and Judge Seibel criticized that omission during the motion to dismiss hearing, including by reading aloud the rule of professional conduct requiring counsel to disclose adverse controlling authority. Ex. 1 at 19:24-20:10. In light of that admonishment, it is surprising that Delta Dental's pre-motion letter in this case advances the same Article III arguments while continuing to ignore *Salazar*.

Judicial criticism of Delta Dental's Article III arguments has not been limited to this New York case. There is a related class action in California on behalf of a different putative class alleging the same privacy injuries on the same online portal (and involving the same lawyers on both sides). *See Weiler v. Delta Dental of California*, 2026 WL 84319 (N.D. Cal. Jan. 12, 2026). In that case, DDC *removed* the case to federal court, and thereby affirmatively invoked the federal court's Article III jurisdiction, prior to challenging Article III standing. *Id.* at *1 ("Delta Dental removed the action to federal court, arguing that 'Federal Jurisdiction is Proper'" and thereafter "moved to dismiss all claims under Rule 12(b)(1) for lack of Article III standing."). After criticizing DDC's tactic of asserting then renouncing federal jurisdiction as "questionable at best and flatly disingenuous at worst," Judge Gilliam remanded the case to California state court—*not* because the plaintiff lacked Article III standing but rather because the party asserting federal jurisdiction (DDC) was refusing to carry its burden of showing it. *Id.* at *4.

To the extent any portion of Delta Dental's Article III argument is directed at Plaintiff's request for a going-forward injunction, Plaintiff alleges that she *continues* to have Delta Dental insurance and cannot access and manage her plan benefits through the online portal without Delta Dental disclosing her PHI to third parties. As Judge Seibel previously held, that allegation plausibly alleges a "substantial risk" that she will be subject to additional disclosure of her PHI in the future, such that an injunction might be appropriate. Ex. 1 at 18:14-20.

## III. Plaintiff Plausibly States Each of Her Claims

Plaintiff asserts claims for breach of contract, breach of confidence, violation of New York General Business Law §§ 349 and 350, and violation of the Electronic Communications Privacy Act ("ECPA") (18 U.S.C. § 2510, *et seq*.). Each of these claims—with the exception of the GBL § 350 claim, which was not at issue—was sustained by Judge Seibel on materially identical allegations. Ex. 1 at 20:11-48:24.

**Breach of Contract.** One of the agreements governing the relationship between Delta Dental and its plan members is the HIPAA Notice. Under the HIPAA Notice, Delta Dental agreed to obtain plan member authorization for the use or disclosure of PHI for marketing. Delta Dental breached that agreement by using Plaintiff's PHI for marketing without obtaining Plaintiff's authorization. As Judge Seibel held, these allegations state a claim for breach of contract, and Plaintiff can seek her benefit-of-the-bargain damages (or even nominal damages) as redress. Ex. 1 at 20:11-24:17 (citing *e.g.*, *Kane v. Univ. of Rochester*, 2024 WL 1178340, at *9 (W.D.N.Y. Mar. 19, 2024)).

**Breach of Confidence.** Plaintiff provided her PHI to Delta Dental in order to use its insurance services. Judge Seibel held that, "in light of the sensitive nature of this data, as well as the assurance contained in the HIPAA Notice, it is plausible that Defendant implicitly agreed to safeguard this information, thus assuming the duty of confidence," and, further, that "Defendant then plausibly breached this duty by disclosing Plaintiff's sensitive information to third parties without her consent." Ex. 1 at 30:18-31:3 (citing *e.g.*, *Daly v. Metro. Life Ins. Co.*, 782 N.Y.Supp.2d 530 (Sup. Ct. N.Y. Cty. 2004) and *Pattison v. Teladoc*, 2025WL1756364, at *4 (S.D.N.Y. June 25th, 25 2025)).

**NY GBL § 349.** GBL § 349(a) prohibits "[d]eceptive acts or practices in the conduct of any business." Plaintiff alleges that Delta Dental: (a) made affirmative misrepresentations in its HIPAA Notice that it would not disclose plan members' PHI for marketing without authorization; and (b) failed to inform plan members about the disclosure of their PHI. Plaintiff satisfies the injury requirement by alleging that she would not have used, or would not have paid as much for, Delta Dental's services had she known it was disclosing her PHI to third parties, and thus that she did not receive the benefit of her bargain. As Judge Seibel held, these allegations state a GBL § 349 claim. Ex. 1 at 40:25-45:9 (citing numerous authorities).

**NY GBL § 350.** The only claim at issue in this case that has not been recently addressed by a federal court in this Circuit is the GBL § 350 claim. GBL § 350 prohibits "[f]alse advertising in the conduct of any business." The only unique argument Delta Dental raises with respect to § 350 (that does not also apply to § 349) is that website privacy policies are not "advertising" within the meaning of § 350. ECF 11 at 4 (citing *Cohen v. Casper Sleep Inc.*, 2018 WL 3392877, at *8 (S.D.N.Y. July 12, 2018)). The *Cohen* opinion cites no authority for that proposition, and, in any event, was addressing the inapposite issue of an online privacy policy on a mattress retailer's website, not, as here, the HIPAA Notice provided to the market by a health insurance company, which is the sole or primary document touting what the insurer will and will not do with PHI, and which, as alleged in the complaint, is prominently linked on pages throughout Delta Dental's website and is available for review by any consumer considering purchasing health insurance from Delta Dental. *E.g.*, *Donnenfeld v. Petro, Inc.*, 333 F. Supp. 3d 208, 223 (E.D.N.Y. 2018) (sustaining GBL §§ 349 and 350 claims where "Donnenfeld alleges that Petro represents on its website that customers who enter into ceiling plan contracts will benefit from decreases in market prices."); *Williamson v. Stryker Corp.*, 2013 WL 3833081, at *14 (S.D.N.Y. July 23, 2013) (sustaining GBL §§ 349 and 350 claims where defendants made representations about knee device on their website "directed and available to the public at large through the Internet").

**ECPA.** Delta Dental argues that the ECPA claim fails because it was a party to the electronic communications at issue and consented to their interception. As Judge Seibel held, the so-called "one-party consent" exception that Delta Dental is relying on does not bar a claim at the pleading stage where, as here, the plaintiff alleges that the defendant intercepted the communications for the purpose of a tortious or criminal act (*i.e.*, disclosing PHI to marketing companies in violation of HIPAA). Ex. 1 at 45:10-48:24 (citing *e.g.*, *Gay v. Garnet Health*, 2024 WL 4203263 (S.D.N.Y. Sept. 16, 2024) and *Cooper v. Mount Sinai Health Sys., Inc.*, 2024 WL 3586357 (S.D.N.Y. July 30, 2024)). This Court should reach the same conclusion.

Respectfully,

ERIC S. DWOSKIN